Case 5:12-cv-00409-JPR   Document 16   Filed 01/14/13   Page 1 of 9   Page ID #:406

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C.L.C., by and through his guardian ad litem, SANDRA GREENE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,<br><br>　　　　　Defendant. | Case No. EDCV 12-0409-JPR<br><br>MEMORANDUM OPINION AND ORDER REVERSING COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**I.　PROCEEDINGS**

　　Plaintiff seeks review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI"). The parties consented to the jurisdiction of the undersigned U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c).  This matter is before the Court on the parties' Joint Stipulation, filed December 17, 2012, which the Court has taken under submission without oral argument.  For the reasons stated below, the Commissioner's decision is reversed and this action is remanded for further proceedings consistent with this memorandum opinion.

**II.　BACKGROUND**

　　Plaintiff was born on June 24, 1996.  (Administrative Record

1

("AR") 72.) At the time of the hearing in this matter, he was a 13-year-old eighth-grader. (AR 40.) On June 11, 2008, through his mother, Plaintiff Sandra Greene, he filed an application for SSI, alleging a disability onset date of June 1, 2008. (AR 154.) The application was denied on September 15, 2008. (AR 74-77.)

Plaintiff then requested reconsideration (AR 79), which was denied on March 11, 2009 (AR 80-83). Plaintiff next requested a hearing before an Administrative Law Judge ("ALJ"). (AR 88.) A hearing was held on May 11, 2010, at which Plaintiff, who was represented by counsel, and his mother testified. (AR 37-71.) Plaintiff did not request that a medical expert testify, and none did. (See generally id.) Plaintiff submitted new documentary evidence at the hearing. (AR 36.) On June 25, 2010, the ALJ issued a written decision finding that Plaintiff was not disabled. (AR 17-33.) Plaintiff then sought review by the Appeals Council. (AR 13.) On January 17, 2012, the Appeals Council denied Plaintiff's request for review after considering his newly submitted evidence. (AR 1-5.) This action followed.

**III. STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free of legal error and are supported by substantial evidence based on the record as a whole. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter

v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

**IV. THE EVALUATION OF DISABILITY**

"An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

    A.   The Three-Step Evaluation Process

In determining eligibility for SSI based on a childhood disability, the Commissioner follows a three-step evaluation process. 20 C.F.R. § 416.924(a).

At step one, the Commissioner considers whether the child has engaged in substantial gainful activity. § 416.924(b). If so, the claimant is not disabled. Id. If not, step two requires the Commissioner to consider whether any impairment or combination of impairments is severe. § 416.924(c). If not, the

3

claimant is not disabled. Id.  If so, then at step three the Commissioner must determine whether the impairment meets, medically equals, or functionally equals in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). § 416.924(d).  Only if so is the claimant disabled. Id.

An impairment "functionally equals" a Listing if the child has marked limitations in at least two of six functional domains or an extreme limitation in at least one domain.[1] § 416.926a(a). The six functional domains are (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. § 416.926a(b)(1)(i)-(vi).

B. The ALJ's Application of the Three-Step Process

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (AR 23.) At step two, the ALJ found that Plaintiff had the severe impairments of Tourette Syndrome and attention deficit hyperactivity disorder. (Id.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically or functionally equaled one of the Listings. (Id.) Specifically, the ALJ found that Plaintiff

---

[1] A marked limitation "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation "interferes very seriously" with those things. § 416.926a(e)(3).

4

had "less than marked limitation" in each of the six functional domains.  (AR 26-32.)

## V.  DISCUSSION

Plaintiff raises only one issue: the Commissioner did not comply with the requirements of Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1014 (9th Cir. 2003), or the Social Security ruling designed to implement its holding, Acquiescence Ruling 04-01(9), 69 Fed. Reg. 22578 (Apr. 26, 2004).[2]  Howard requires an ALJ presiding over a minor's claim to "make a reasonable effort to obtain a case evaluation, based on the record in its entirety, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record."  341 F.3d at 1014 (interpreting 42 U.S.C. § 1382c(a)(3)(I)).  Ruling 04-01(9) states that under Howard, an ALJ may "rely on case evaluation made by a State agency medical or psychological consultant that is already in the record," as long as the record demonstrates the qualifications of the State agency physician, or "on the testimony of a medical expert."  69 Fed. Reg. at 22579.

As thorough as the ALJ's decision was and although it appears to have been supported by substantial evidence, remand is necessary because the ALJ committed legal error by failing to

---

[2] A Social Security acquiescence ruling explains how the Social Security Administration will apply a holding in a decision of a U.S. Court of Appeals that conflicts with the agency's own interpretation of a provision of the Social Security Act or regulations after the Commissioner has decided not to seek further review of the decision or has been unsuccessful doing so.  See SSAR 04-01(9), 69 Fed. Reg. at 22579.

5

secure a complete case evaluation from an appropriate specialist based on the record in its entirety. See Vega ex rel. J.G. v. Astrue, No. ED CV 11-769-SP, 2012 WL 1144407, at *5 (C.D. Cal. Apr. 2, 2012) (remanding for compliance with Howard even though substantial evidence supported ALJ's decision).

Defendant contends that the ALJ satisfied Howard and the acquiescence ruling by crediting the findings of psychologist Kathy A. Vandenburgh and state agency psychiatrists N. Haroun and S. Khan. (J. Stip. at 6.) Even assuming that these doctors were qualified to make their assessments, as the record seems to reflect, and that the ALJ relied on their reports to satisfy Howard, which the record does not reflect, they necessarily failed to evaluate Plaintiff based on the "record in its entirety" because they wrote their reports in early 2009 and did not take into consideration the evidence Plaintiff presented at the time of the hearing, in May 2009, or to the Appeals Council thereafter. See Willmett ex rel. A.P. v. Astrue, No. 2:10-cv-01201-KJN, 2011 WL 3816284, at *4 (E.D. Cal. Aug. 25, 2011) (noting that ALJ never mentioned Howard or acquiescence ruling in decision and remanding in part because state agency evaluators necessarily never saw some record evidence). Some of this evidence was clearly not material or would not have changed any of the medical sources' opinions, but the Court cannot say that about all of it. For instance, on February 26, 2009, the same day Dr. Vandenburgh prepared her report, Plaintiff's treating doctor, Dr. Chao Hsu, examined Plaintiff and found that "patient's condition is worsening – more movements – poor concentration." (AR 328.) On April 23, 2009, Plaintiff's dosage

of Concerta was increased because "ADHD . . . no longer appears to be improved by his current medication." (AR 309.) In May 2010, Plaintiff began taking a new medication, Tenex. (AR 333.) This information is material to Plaintiff's case and under <u>Howard</u> should have been reviewed by a state agency psychiatrist or a medical expert as part of the record in its entirety.[3]

Defendant contends that because at the time Plaintiff's medications were changed the treatment notes also indicated "no new concerns," his "symptoms appeared well controlled" and the information was not material. (J. Stip. at 9.) That is not necessarily true, however, because the notes could simply have meant that the problems Plaintiff had always had continued and were no longer controlled by the medications Plaintiff was taking. See <u>Godwin ex rel. V.E. v. Comm'r of Soc. Sec.</u>, CV 09-482-PHX-MHM, 2010 WL 1337745, at *4 (D. Ariz. Mar. 31, 2010) (Murguia, J.) (remanding for specialist to review case "in its entirety" in part because plaintiff's medications had been changed several times since state agency evaluators reviewed record). Defendant also argues that the ALJ expressly rejected Dr. Hsu's earlier findings because he found him not credible and therefore would have rejected the February 2009 findings as well (J. Stip. at 9), but that is beside the point; <u>Howard</u> requires some kind of medical expert to evaluate the record <u>in its</u>

---

[3] Some of this evidence was submitted to the Commissioner for the first time before the Appeals Council, and yet nothing in the record shows that "the Appeals Council made a reasonable effort to seek a case evaluation based on the entire record," as ruling 04-1(9) expressly requires it to do. See <u>Willmett</u>, 2011 WL 3816284, at *6.

7

entirety, and the three experts Defendant relies on apparently never saw Dr. Hsu's February 2009 evaluation or the records indicating changes in Plaintiff's medications. See Godwin, 2010 WL 1337745, at *4 ("while it is true that the ALJ did not give much weight to the medical examinations conducted by [certain doctors], that medical evidence [from them] was nonetheless in the record"); Robinson v. Astrue, No. CIV-S-08-2296-DAD, 2010 WL 3733993, at *4 (E.D. Cal. Sept. 21, 2010) (remanding because to extent ALJ relied on state agency psychiatrists' evaluations, they were prepared two years before hearing and doctors did not consider evidence developed in those two years). Accordingly, this matter must be remanded so that Howard may be complied with.[4]

**VI.  CONCLUSION**

When error exists in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002) (citations and quotation marks omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). Remand, not an

---

[4] The Court notes that in Howard, unlike here, the claimant had requested having a medical expert testify at the hearing and the ALJ had declined to do so. 341 F.3d at 1010-11 & n.2. Still, it was the ALJ's obligation to ensure that § 1382c(a)(3) was followed. See Howard, 341 F.3d at 1014 (interpreting statute to require ALJ "to make a reasonable effort to obtain a case evaluation, from a pediatrician or other appropriate specialist, rather than simply constructing his own case evaluation from the evidence in the record," and noting "distinction" between having expert evaluate claimant based on expert's "particular specialty, and having an expert evaluate a claimant's case in its entirety").

award of benefits, is the proper course in this case.  See <u>Strauss v. Comm'r of Soc. Sec. Admin.</u>, 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).  On remand, the ALJ shall obtain a case evaluation of Plaintiff's entire record by either a state agency psychiatrist or a medical expert.  The ALJ must thereafter determine, in light of the newly obtained evaluation and all the other evidence in the record, whether Plaintiff's impairments medically or functionally equal a Listing.  The ALJ must explain <u>how</u> he considered the state agency evaluator's or medical expert's report.  See <u>Willmett</u>, 2011 WL 3816284, at *5.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of the Commissioner is REVERSED; (2) Plaintiff's request for remand is GRANTED; and (3) this action is REMANDED for further proceedings consistent with this Memorandum Opinion.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: January 14, 2013        _____
                               JEAN ROSENBLUTH
                               U.S. Magistrate Judge

9